Filed 3/11/24  P. v. Walker CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JEREMY WALKER,<br><br>    Defendant and Appellant. | A167667<br><br>(Solano County<br>Super. Ct. No. FCR275822) |

Jeremy Walker appeals from a trial court order extending his involuntary commitment to the Department of State Hospitals by one year, until April 24, 2023, as an offender with a mental health disorder (OMHD) under Penal Code sections 2970 and 2972.[1]  While this appeal was pending, the one-year involuntary commitment expired.  We dismiss the appeal as moot.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2008, Walker was convicted of attempted second-degree murder after repeatedly stabbing a construction worker with a knife.  Walker—who

---

[1]    Undesignated statutory references are to the Penal Code.  OMHDs were previously referred to as "mentally disordered offenders," but the Legislature recently changed the terminology to " ' "offender with a mental health disorder." ' "  (See *People v. McCray* (2023) 98 Cal.App.5th 260, 264, fn. 1 (*McCray*).)

has a history of mental illness—was incarcerated at the California Medical Facility in Vacaville.  In 2010, while in custody at that facility, Walker was charged with battery on a non-confined person by a prisoner (§ 4501.5) and resisting an executive officer in performance of his duty (§ 69).

In January 2012, Walker pleaded no contest to the battery charge and the trial court sentenced him to additional time in state prison.  In April 2014, Walker was transferred to the Department of State Hospitals pursuant to § 2962 to receive mental health treatment as a condition of his parole.  He was continuously treated at the Department of State Hospitals during his parole term, which was set to terminate in April 2017.  In 2017, upon petition by the prosecution pursuant to § 2970 et seq., the court extended Walker's commitment for the first time by one year, until April 2018.  The court granted subsequent petitions for continued involuntary treatment, thereby extending Walker's commitment through April 2022.

In November 2021, the prosecution petitioned to recommit Walker for one year.  Trial was initially set to take place in March 2022.  At Walker's request (and for other reasons), trial was continued multiple times.  A three-day trial was ultimately held in late February 2023, and the jury found true the petition alleging Walker to be an OMHD.  In March 2023, the trial court ordered Walker committed for another year, extending his commitment to April 24, 2023.

 In April 2023, the trial court held a bench trial on a subsequent commitment petition.  The court found the petition true and extended Walker's commitment to April 24, 2024.

Walker timely appealed from the March 2023 recommitment order on April 20, 2023, four days before the expiration of the recommitment order.[2] The case was fully briefed in December 2023. At our request, the parties submitted supplemental briefs addressing whether this appeal is moot.

## DISCUSSION

A prisoner may be committed as an OMHD for involuntary treatment of a "severe mental health disorder" as a condition of parole if certain conditions are met. (§§ 2962, subds. (a)–(f), 2966; see *People v. Allen* (2007) 42 Cal.4th 91, 99, fn. omitted.) The commitment term is one year; before the expiration of each commitment period, the prosecution may petition to extend the commitment for an additional year. (*Allen*, at p. 99; §§ 2970, 2972, subds. (a), (b), (c).)

Walker challenges the now-expired order of commitment by raising multiple claims of instructional error and a claim that the prosecution failed to prove he is an OMHD. While conceding this appeal is moot, Walker urges us to exercise our discretion to find an exception to the mootness doctrine because his case raises issues of public importance that are capable of repetition yet evade review. (*Thompson v. Department of Corrections* (2001) 25 Cal.4th 117, 122.) Finding no such issues in this case, we decline to do so.

We are guided by our duty to decide actual controversies and not to opine upon moot questions or abstract propositions, or to declare principles or rules of law that cannot affect the matter at issue in the case before us. (*McCray*, *supra*, 98 Cal.App.5th at p. 267.) While we recognize the time constraints that make it difficult to review commitment orders in OMHD proceedings before they become moot, "[f]or the evading review exception to

---

[2]    Walker also timely appealed the subsequent recommitment order in a separate case, Case No. A167922.

3

apply, there must be more at stake than simple error-correction in an individual case. The exception implicates the fundamental role of an appellate court as a custodian of the law, which is why courts often say it applies to issues that touch upon the 'public interest.' " (*Id.* at pp. 267–268.)

Here, Walker's claims are grounded in case-specific evidence that is not likely to recur in the same manner at future proceedings. For example, Walker contends the trial court erred in instructing the jury with CALCRIM No. 318, which concerns pretrial statements by witnesses. Walker further argues there was cumulative instructional error that affected his right to a fair trial. Our resolution of these alleged instructional errors under the circumstances presented here would necessarily be premised on the specific evidence elicited at the February 2023 trial, which is not likely to recur in the same manner at future proceedings. (See *McCray*, *supra*, 98 Cal.App.5th at p. 268 [declining to address moot questions that are fact-specific].)

Similarly, Walker's contention that the prosecution failed to prove he represented a continued substantial danger of physical harm to others and was not in remission during the time period relevant to the recommitment order is dependent on the specific factual circumstances of the February 2023 trial. And each subsequent recommitment proceeding will be premised on a new petition addressing Walker's condition during a distinct time period. Each future proceeding will have its own record based on evidence of Walker's potential danger of physical harm and possible remission at the time of that new proceeding. Accordingly, our review of the trial that occurred in February 2023 would have no practical effect on any subsequent petition seeking Walker's recommitment. (See *McCray*, *supra*, 98 Cal.App.5th at p. 268.)

4

Walker also contends the trial court erred by failing to instruct the jury as to the Department of State Hospitals' conditional release program and to give a clarifying definition of the term "remission." We note that Walker forfeited these claims by failing to request either instruction below (see *People v. Simon* (2016) 1 Cal.5th 98, 143), and he points to no legal authority showing the trial court had an obligation to sua sponte provide the instructions.[3] Accordingly, they do not provide an opportunity for meaningful appellate review as issues of continuing public interest.

For these reasons, we conclude the appeal is moot and no exception to the mootness doctrine applies.

## DISPOSITION

The appeal is dismissed as moot.

---

[3] To the extent Walker attempts to raise related claims of ineffective assistance of counsel, we note that Walker has not presented "affirmative evidence that counsel could have had 'no rational tactical purpose' " for failing to request the clarifying instructions. (*People v. Mickel* (2016) 2 Cal.5th 181, 200.)

5

_____

Petrou, J.

WE CONCUR:



_____

Tucher, P.J.



_____

Fujisaki, J.

A167667/*People v. Walker*

6